HBEAPERAps

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                        17-cr-683 (LAP)

CHUCK CONNORS PERSON and
RASHAN MICHEL,

               Defendants.

------------------------------x

                              New York, N.Y.
                              November 14, 2017
                              10:30 a.m.

Before:

                 HON. LORETTA A. PRESKA

                              District Judge

                    APPEARANCES

JOON H. KIM
    Acting United States Attorney for the
    Southern District of New York
BY:  ROBERT L. BOONE, ESQ.
    NOAH D. SOLOWIEJCZYK, ESQ.
    ALINE R. FLODR, ESQ.
    Assistant United States Attorneys

SHER TREMONTE LLP
    Attorneys for Defendant Person
BY:  THERESA M. TRZASKOMA, ESQ.
    EMMA S. SPIRO, ESQ.

COOLEY LLP
    Attorneys for Defendant Michel
BY:  JONATHAN P. BACH, ESQ.

HBEAPERAps

1              (In open court)

2              THE COURT:  United States v. Person.  Is the

3      government ready?

4              MR. BOONE:  Yes.  Good morning, your Honor.  Robert

5      Boone for the government.  Here with me at counsel table is

6      AUSA Noah Solowiejczyk and Aline Flodr.

7              THE COURT:  Good morning.  And are the defendants

8      ready?

9              MS. TRZASKOMA:  Good morning, your Honor.  Theresa

10     Trzaskoma from Sher Tremonte.  I am here with Emma Spiro from

11     my firm for Mr. Person.

12             THE COURT:  Thank you.

13             MR. BACH:  Good morning, your Honor.  Jonathan Bach on

14     behalf of Rashan Michel, who is here next to me.

15             THE COURT:  Very good.  Thank you.

16             Counsel, what's the status of discovery, please?

17             MR. BOONE:  Your Honor, we are still collecting some

18     of the discovery.  I can go over in detail the type of

19     discovery that's involved.

20             In terms of the types of discovery, we obtained search

21     warrants for the phones of both defendants.  We're producing

22     those.  We issued several subpoenas for various things, such as

23     bank records, phone toll records, phone subscriber information,

24     credit reports, and some other subpoenas.  But the bulk of the

25     discovery is going be to judicially obtained wiretaps

HBEAPERAps

1    applications and the related recordings from those

2    applications.

3         For defendant Chuck Person, we were able to obtain

4    authorization to tap two of his phones.  On one of those

5    phones, we intercepted calls over three different 30-day

6    periods.  On another phone we intercepted calls over one 30-day

7    period.  For defendant Rashan Michel, we tapped one of his

8    phones, and we had intercepted calls over five different 30-day

9    periods for that phone.  So we're in the process of gathering

10   that.  We believe we will have it by the end of next week.  And

11   we'll be in a position to produce it immediately after, or

12   shortly thereafter at least.  We'll likely try to seek a

13   protective order related to that information.  But assuming

14   there are no issues of fact --

15        THE COURT:  A protective order of what?

16        MR. BOONE:  So that the tapes aren't disseminated

17   outside of the case.

18        THE COURT:  All right.  Do you have a sense of how

19   lengthy the tapes are?  I mean, I know you told me 30, 60, 90

20   days, whatever.  Do you have any sense at all about the volume?

21        MR. BOONE:  I do, your Honor.  So for Chuck Person,

22   for one of the phones we tapped, we've estimated that there is

23   approximately an hour worth of pertinent phone calls.  For

24   another phone of Chuck Person, we've estimated that there are

25   approximately 15 hours' worth of pertinent phone calls.  For

HBEAPERAps

```
 1    Rashan Michel, we've estimated that there are -- there is,

 2    rather -- estimated time of 36 hours of pertinent phone calls.

 3            THE COURT:  All right.  That's helpful.

 4            MR. BOONE:  And I believe -- yes, we also obtained

 5    post-arrest statements from Chuck Person.  We intend to turn

 6    those over today.

 7            THE COURT:  Thank you.

 8            And your view is that you'll be able to turn it all

 9    over by next week, end of the week?

10            MR. BOONE:  I think we'll be able to start production

11    of the wiretaps next week.  Some of the other subpoenaed

12    returns and other things might take a little longer, in part

13    because we do have some subpoenas outstanding that we're

14    waiting to receive return to.

15            THE COURT:  All right.  Thank you.

16            Does defense counsel have any comment on any of that?

17            MS. TRZASKOMA:  I don't, your Honor.

18            MR. BACH:  No, your Honor.

19            THE COURT:  Thank you.

20            May I ask the government, of course we all know that

21    there are two other cases in the court, one with Judge Ramos

22    and one with Judge Kaplan.  Would you tell me why there are

23    three cases and whether or not there are any efficiencies to be

24    gained from readjusting that?

25            MR. BOONE:  Yes, your Honor.  So there are three
```

HBEAPERAps

1   separate indictments, and there are also three separate

2   complaints, because although the conduct is similar, the

3   individuals involved are in three different schemes.  So for

4   that reason we felt it was appropriate to treat them as

5   separate cases.  So, for instance, this scheme, the

6   participants in this scheme don't really relate to the other

7   ones and vice versa.  There is some overlap.  In two of the

8   cases, there are defendants charged in both.  But, again, it's

9   our view that they are involved in two different schemes.

10          THE COURT:  And those are the other two cases, and

11   those are the Adidas defendants.

12          MR. BOONE:  Correct.

13          THE COURT:  OK.  Does defense counsel have any comment

14   on any of that?

15          MS. TRZASKOMA:  I don't, your Honor.

16          MR. BACH:  None, your Honor.

17          THE COURT:  All right.  I'm going to set a date for

18   counsel to come back in and tell us where you are in your

19   review of the materials and, if not then, when you want to come

20   back and tell me if there are going to be motions.

21          THE CLERK:  How is December 4th at 11:30?

22          MS. TRZASKOMA:  One moment, your Honor.

23          THE COURT:  Yes, ma'am.

24          MS. TRZASKOMA:  That's fine.

25          MR. BACH:  That's fine, your Honor, on the

HBEAPERAps

1    understanding we might not be all the way through the material.

2          THE COURT:  All right.  Would you do this.  Why don't

3    you let me know in advance if you need to come in or not, all

4    right, a couple days ahead?

5          MS. TRZASKOMA:  Yes, your Honor.  We can do that.

6          THE COURT:  Yes, ma'am.

7          Mr. Boone.

8          MR. BOONE:  Yes.  We would like to exclude time.  But

9    we also think defendant should be arraigned on the indictment.

10         THE COURT:  Oh, forgive me.  I didn't realize that we

11    didn't do that.

12         All right.  Gentlemen, would you stand, please.

13         Gentlemen, have you received a copy of the indictment,

14    17 Crim. 683, sir?

15         DEFENDANT PERSON:  Yes, your Honor.

16         THE COURT:  Sir.

17         DEFENDANT MICHEL:  Yes, ma'am.

18         THE COURT:  Have you gone over it with your lawyers?

19         DEFENDANT PERSON:  Yes.

20         DEFENDANT MICHEL:  Yes, ma'am.

21         THE COURT:  Gents, do you want me to read the whole

22    thing out loud in court now, or is it enough that you discussed

23    it with your lawyers?

24         DEFENDANT PERSON:  I waive the public reading.

25         DEFENDANT MICHEL:  No, ma'am.

HBEAPERAps

1          THE COURT:  How do you now plead, sir?

2          DEFENDANT PERSON:  Not guilty, your Honor.

3          THE COURT:  Sir?

4          DEFENDANT MICHEL:  Not guilty.

5          THE COURT:  Thank you, gentlemen.

6          Mr. Boone.

7          MR. BOONE:  Your Honor, we would ask that time be

8    excluded in the interests of justice to give the government

9    time to produce discovery but also to give defense counsel time

10   to review that discovery with their clients.

11         THE COURT:  Through December 4, right, sir?

12         MR. BOONE:  Yes, through December 4.

13         THE COURT:  Any objection, counsel?

14         MS. TRZASKOMA:  No objection, your Honor.

15         MR. BACH:  No, ma'am.

16         THE COURT:  In order to permit the government to make

17   discovery and the defense to review the discovery, time between

18   today and December 4 is excluded from calculation under the

19   Speedy Trial Act, in the interests of justice.

20         Anything else, counsel?

21         MS. TRZASKOMA:  Nothing from us, your Honor.

22         MR. BACH:  Nothing further.

23         MR. BOONE:  Nothing from the government.

24         THE COURT:  Thank you, counsel.  Good morning.

25                         o0o