2510 Valentine Ave, 3rd Floor
Bronx, NY 10458
Email: g.peters@myattys1.com

# GEORGE ⚖ PETERS
## ATTORNEY AT LAW

Main: (347) 751-0157
Cell: (929) 249-9837
Fax: (347) 464-0921

February 15, 2018

Honorable Loretta A. Preska
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:  United States v. Person, et al., 17 Crim. 683 (LAP)**

Dear Judge Preska:

We write on behalf of third-party movant, Mr. Makhtar Ndiaye.  Movant received a letter dated January 26, 2018, from Edward B. Diskani, Noah D. Solowiejczyk, Robert Boone, Aline R. Flodr, and Eli Mark, Assistant United States Attorneys under Joan Loughnane, Acting United States Attorney for the Southern District of New York.  The aforementioned Notice Letter detailed notice of electronic surveillance and interception of wire communications between Movant and Defendant, Rashan Michel.  We write this letter motion under § 2518(8)(d) of Title 18 of the United States Code requesting access or copies of Movants' communications with Defendant Michel.

Mr. Ndiaye, through counsel, moves this Court pursuant to 18 U.S.C.A. § 2518(8)(d) for an Order requiring the United States to produce and permit the Movant to inspect and copy each of the following:

1.      All original tapes or recordings of conversations obtained by the Department of Justice or the Federal Bureau of Investigation pertaining to or including Mr. Makhtar Ndiaye with the telephone number of (310) 909-6897 during the time period of December 9, 2016, through June 8, 2017.

2.      Each log summary of each conversation obtained of Mr. Makhtar Ndiaye.

3.      Interpretive reports prepared by any agent or employee of the United States concerning each tape recorded conversation or log summary as previously specified.

4.      Each tape or other recording of each conversation monitored between Mr. Makhtar Ndiaye and Defendant, Rashan Michel, including the log summary and interpretive report pertaining to such conversations during the time period specified above in paragraph 1.

5.      All interdepartmental correspondence, memoranda, or reports between any agencies of the United States pertaining, directly or indirectly, to any of the above matters.

The United States has possession, custody, or control of each of the above-mentioned documents and objects. Accordingly, in the interests of justice and fairness, movant requests the foregoing as no investigation is ongoing and indictments have been brought.

Respectfully,

George T. Peters

cc:      All counsel of record (by ECF)



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

## INVENTORY NOTICE

January 26, 2018

MAKHTAR NDIAYE
3213 PLACID SPRINGS LN
PLANO, TX 75025-3914

**Notice of Electronic Surveillance and Interception of Wire Communications**

Pursuant to an Order of the United States District Court for the Southern District of New York issued under section 2518(8)(d) of Title 18 of the United States Code, this is to inform you that:

During the period of December 9, 2016, through June 8, 2017, the FBI, pursuant to authorization by the United States District Court for the Southern District of New York, conducted electronic surveillance over the cellphone assigned telephone number (205) 266-4155, subscribed to by Lavagun Foster (the "Target Cellphone"), and associated with Rashan Michel. The initial Order authorizing the electronic surveillance was signed on December 9, 2016.

During the course of that surveillance, communications between yourself, or a person using telephone number (310) 909-6897 which is believed to be associated with you or subscribed to in your name, and the Target Cellphone, were intercepted and/or you were named in the applications or orders in connection with the authorization for interception over the Target Cellphone. Further information may in the discretion of the court be made available upon the filing of a motion under section 2518(8)(d) of Title 18 of the United States Code.

JOAN LOUGHNANE
Acting United States Attorney

By: _____/s/_____
Edward B. Diskant /Noah D. Solowiejczyk/
Robert Boone /Aline R. Flodr /Eli Mark
Assistant United States Attorneys

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN THE MATTER OF THE
INTERCEPTION OF ORAL
COMMUNICATIONS OF BRANDON          Case No.  17-mc-104-EFM
STEVEN AND MICHAEL O'DONNELL

## MEMORANDUM AND ORDER

Sometime between May 14, 2015, and July 1, 2015, several Wichita Eagle employees, as well as an employee of the McClatchy Company,[1] spoke on the phone with either Brandon Steven—a prominent Wichita businessman—or Michael O'Donnell—a Wichita politician.   On February 1, 2017, the Wichita Eagle and its employees ("the Movants") each received a letter from the United States Department of Justice, informing them that those phone calls had been intercepted pursuant to an investigation involving wiretaps on Steven and O'Donnell's phones. The Movants now move the Court for an order to disclose both the content of their intercepted communications in addition to the application for and order granting the wiretaps (Doc. 1).  For the reasons stated below, that motion is denied.

### I.      Factual and Procedural Background

On May 14, 2015, this Court authorized the interception of telephone communications of Brandon Steven, a prominent Wichita businessman.  On June 2, 2015, this Court authorized the interception of telephone communications of Michael O'Donnell, who at that time was a Kansas

---

[1] The McClatchy Company is the Eagle's parent corporation.

State Senator and is currently a Sedgwick County Commissioner. The wiretaps were authorized under Title III of the Omnibus Crime Control and Safe Streets Act ("Title III").[2] Accordingly, from May 14, 2015, through June 13, 2015, the Government intercepted Steven's phone calls. During that period, Steven spoke on the phone with Carolyn Rengers of the Wichita Eagle. And from June 3, 2015, through July 1, 2015, the Government intercepted O'Donnell's phone calls. During that period, O'Donnell spoke on the phone with Sherry Chisenhall, Bryan Lowry, and Dion Lefler, all of the Wichita Eagle. O'Donnell also spoke on the phone with Lindsay Wise of The McClatchy Company.

On February 1, 2017, the Wichita Eagle, Rengers, Chisenhall, Lowry, Lefler, and Wise each received a letter from the United States Department of Justice, informing them that those phone calls had been intercepted pursuant to the wiretaps on Steven and O'Donnell's phones. The headings noted that the letters regarded the phone number of either Brandon Steven or Michael O'Donnell (depending on which call the letter corresponded to). The body of the letter read, in full:

> To Interceptee:
>
> This is to inform you pursuant to Title 18, United States Code, § 2518(8)(d) that you were either named in an order and/or application made in the District of Kansas authorizing the interception of wire, oral and/or electronic communications or were a party to an intercepted communication.
>
> For the above number, communications were intercepted between [May 14 or June 3], 2015, and [June 13 or July 1], 2015.
>
> This notice does not mean that you are being charged in court with anything. This is simply a notice which the law requires we send to you. It only means that you, or someone using a telephone subscribed to you, were intercepted talking with a person using the telephone number listed above.

---

[2] 18 U.S.C. §§ 2510, *et seq.*

Please do not call this office, as we are unable to give out any further information.
The Government's investigation that gave rise to the wiretaps is still ongoing.  No indictments have been filed.  Nobody, including any of the Movants, has been charged with a crime.  And there is no evidence from which the Movants would reasonably believe that they are targets of the investigation or will likely face any charges.

The Movants now move that the Court disclose to them documentation of their intercepted phone calls as well as the application for and order granting the interceptions.  The Government, as an interested party, filed a response in opposition to the Movants' motion.

## II.      Analysis

### A. Status of the Movants

Before considering the Movants' substantive arguments, the Court must clarify their status as it relates to the interception of Steven's and O'Donnell's communications.

The Movants received notice that their calls had been intercepted under 18 U.S.C. § 2518(8)(d), which provides in relevant part:

> Within a reasonable time but not later than ninety days after . . . the termination of the period of an order [allowing the interception of communications] or extensions thereof, the issuing or denying judge shall cause to be served, on the persons named in the order or the application, *and such other parties to intercepted communications as the judge may determine in his discretion that is in the interest of justice*, an inventory . . . .

That subsection further provides that upon the filing of a motion, the Court

> [M]ay in his discretion make available to such person [who had been provided an inventory] or his counsel for inspection such portions of the intercepted communications, applications and orders as the judge determines to be in the interest of justice.

-3-

Under the plain reading of the statute, then, an inventory must be sent to those named in the order or application related to intercepted phone calls. In other words, the targets of the wiretaps must be notified. But under the statute, for non-targets whose communications were incidentally intercepted, notification is only required "as the judge may determine in his discretion that is in the interest of justice." The Movants pointed out that, given this statutory framework, they are more than inconsequential interceptees because they received notice under § 2518(8)(d). Obviously, the Movants contend, their conversations are significant to the Government's investigation because a judge determined that it was in the interest of justice that they be served an inventory.

The Movants' understanding of the situation is based entirely on the plain language of § 2518(8)(d), and their deduction is logically sound. If the statute were followed verbatim, then the Movants would only receive notice if they were targets of the investigation, or if a judge had determined they must be notified in the interest of justice. But at the hearing on the Movants' motion, the Government revealed that in practice, it does more than the statute requires. Rather than only notifying those required by § 2518(8)(d), the Government's practice is to send notice to every single individual whose calls have been intercepted. As the Government stated

> The registered or identified subscriber to that number [of any interceptee] is given an inventory notice, despite their status, despite the length of the interception, despite whether it's privileged, non-privileged, pertinent, or non-pertinent, they're given the inventory notice.

Given its practice of sending notice to every single interceptee, then, the Government contends that there can be no inference that the Movants were more than inconsequential interceptees. But in consideration of its pending investigation, the Government opted not to elaborate further.

-4-

All told, the Movants are interceptees who were provided notice that their calls had been intercepted. Although the notice was not statutorily required, the letter indicated that the Movants were being notified pursuant to § 2518(8)(d). As such, the Movants are entitled to move the Court to "make available . . . such portions of the intercepted communications, applications and orders."[3] But the Government's practice of sending notice to all interceptees means that there was no finding that it was in the interest of justice that the Movants receive notice. Contrary to the Movants' earlier belief, there is nothing to suggest that there is anything especially pertinent about the Movants' intercepted communications. So the Court is faced with a motion by third parties whose calls were intercepted, but who at least presently have no good reason to believe that they were targets—or even persons of interest—in the underlying investigation.

**B. The Movants' Requested Disclosures**

The posture of this case is unusual—hardly any precedent exists where a non-target, notified interceptee seeks disclosure under § 2518(8)(d) before an indictment has been filed. With such a dearth of relevant authority, a substantial portion of the parties' briefing was devoted to determining the applicable standard that the Court is to apply.

Section 2518(8)(d) allows a notified interceptee to file a motion asking the Court, in its discretion, to make available both intercepted communications as well as applications and orders for the interceptions. That subsection provides that the Court may make such documents available "as the judge determines to be in the interest of justice."[4]

---

[3] 18 U.S.C. § 2518(8)(d).

[4] 18 U.S.C. § 2518(8)(d).

Those two categories of documents—intercepted communications and applications and orders—are accounted for elsewhere in § 2518(8). Section 2518(8)(a) governs the management of intercepted communications, and provides that the contents of intercepted communications "shall be made available to the judge issuing such order and sealed under his directions." That subsection further provides:

> Duplicate recordings may be made for use or disclosure pursuant to the provisions of subsections (1) and (2) of section 2517 of this chapter for investigations. The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contends of any wire, oral, or electronic communication or evidence derived therefrom under subsection (3) of section 2517.[5]

Section 2518(8)(b) similarly governs the management of applications and orders. That subsection mandates that "[a]pplications made and orders granted under this chapter shall be sealed by the judge."[6] That subsection further provides that "[s]uch applications and orders shall be disclosed only upon a showing of good cause before a judge."[7]

The Government's position is that § 2518(8)(d), which allows for this motion, must be read in concert with §§ 2518(8)(a)-(b). Put another way, although § 2518(8)(d) provides for a motion for disclosure of wiretap information, disclosure is still governed by §§ 2518(8)(a)-(b). Thus, in seeking the intercepted documents under § 2518(8)(d), the Movants would have to show that disclosure of those documents was required pursuant to § 2517,[8] as required by § 2518(8)(a), which governs the management and disclosure of intercepted communications. Similarly, in

---

[5] 18 U.S.C. § 2518(8)(a).

[6] 18 U.S.C. § 2518(8)(b).

[7] 18 U.S.C. § 2518(8)(b).

[8] While § 2518(8)(a) governs the management of intercepted communications, § 2517 lists circumstances in which disclosure of those communications is authorized.

seeking the application and order, the Movants would have to show good cause, as required by § 2518(8)(b), which governs the management of applications and orders. And even if the Movants could make these showings, the Court would still have to determine that disclosure is in the interest of justice, pursuant to § 2518(8)(d).

Conversely, the Movants' position is that § 2518(8)(d) provides a route to disclosure *in addition* to those provided for in § 2518(8)(a)-(b). As notified interceptees, the Movants argue that § 2518(8)(d) plainly allows them to file a motion for disclosure without reference to any other subsection.[9] Sections 2518(8)(a)-(b), the Movants argue, apply to members of the public, but not to notified interceptees. Accordingly, the Movants argue that the framework is simple: if the Court determines that disclosure is in the interest of justice, then it has the discretion to grant the Movants' motion. Assuming without deciding that the Movants' less-onerous burden applies, the Court still finds that disclosure is not in the interest of justice at this time.[10]

The Movants' arguments for disclosure can generally be placed into two categories: public and private interests.[11] The Court will consider these interests in turn.

---

[9] *In re Warrant Authorizing Interception of Oral Commc'ns*, 673 F.3d 5, 7 (1st Cir. 1982) (noting that § 2518(8)(d) "clearly authorizes the district court to order that documents be disclosed to an intercepted party.").

[10] The Movants proceeded under the assumption that "interest of justice" was a less-onerous burden than the "good cause" standard found in § 2518(8)(b). The Court is not so sure, but need not decide that issue at this time.

[11] Two of the Movants' factors relate to their impression that, based on the language of § 2518(8)(d), a judge had already determined that it was in the interest of justice that they be notified. Those factors related to minimization and the fact that notification implied that their calls were significant to the investigation. But these factors are of little import in light of the Government's revelation that its practice was to send notice to every interceptee, even if the call was minimized or insignificant. Given this fact, the Movants have no reason to believe that their calls were significant or improperly minimized, and disclosure on these grounds would be nothing more than a fishing expedition.

*1. Public Right to Know*

The Movants assert that disclosure is in the interest of justice because Brandon Steven and Michael O'Donnell are both prominent public figures in the Wichita community. The Movants do not go as far as to argue that they have a First Amendment or common law right to the disclosure of sealed materials as either individuals or members of the press. And for good reason: federal courts have rejected that argument.[12] The general consensus is that Title III carries a statutory presumption against disclosure that outweighs any asserted right to judicial documents either under the common law or the First Amendment.[13]

Conceding that they do not have an absolute right to disclosure, the Movants still argue that the public's right to know should be a factor that the Court considers in using its discretion to determine whether disclosure is in the interest of justice. The Movants argue that the interest of justice would be advanced by a more complete understanding of the investigation. In addition, Movants note that Steven is a prominent businessman and O'Donnell represents the people of the community. In their respective capacities, both men deal with the public and rely to some extent on the public trust. Therefore, the Movants argue that the public would be better served with more information about the investigation of these two public figures. As the Movants' counsel stated, "the right to know is in the interests of justice. And I think that the community now has some information about an investigation that's giving rise to just speculation and rumor, and I don't believe that is in the interests of justice." Ultimately, he implored the Court to consider "whether releasing information is in the interest of justice more

---

[12] *See In re N.Y. Times Co. to Unseal Wiretap & Search Warrant Materials*, 5773 F.3d 401 (2d Cir. 2009); *In re Applications of the Kan. City Star*, 666 F.2d 1168 (8th Cir. 1981).

[13] *In re N.Y. Times*, 577 F.3d at 408-11; *In re Kan. City Star*, 666 F.2d at 1175-77.

than hiding information" and challenged "the default position that we're always better off keeping as much secret as possible."

The Court agrees that all other things being equal, justice is better served when information is shared and not hidden. But at this stage of the investigation, all other things are not equal. The Movants ask the Court to consider the interest of justice. But justice includes enforcement of the United States Criminal Code. The Government has represented that its investigation is ongoing, and interference with an ongoing investigation can hardly be said to be in the interest of justice.[14] Justice can only be served when the Government is allowed to investigate alleged wrongdoing to the fullest. At this time, the Court is unwilling to interfere with such an investigation by ordering that the Government start disclosing information related to an open investigation.

The Movants are not wrong for wanting to know more, they are just too early. If charges are ever brought, the Movants will have more access to information surrounding this investigation. Alternatively, if charges are not brought after what seems to be an unreasonable amount of time, the Movants may have a stronger argument for the disclosure in a renewed motion. But presently, just one month after receiving notice and while the investigation is still ongoing, the integrity of the Government's investigation outweighs the Movants' desire to inform the public about the specifics of the wiretap.[15]

---

[14] *See Stoddard v. United States*, 710 F.2d 21, 23 (2d Cir. 1983) (affirming the decision not to disclose wiretap information where the court "considered both [the movant's] arguments as to the need for disclosure and the harm that such disclosure might work in the context of a continuing homicide investigation.").

[15] *In re Persico*, 362 F. Supp. 713, 714 (E.D.N.Y. 1973) (denying a movant's motion for disclosure where "disclosure at this times [sic] could jeopardize the continuing investigation, and it would serve no interest of justice not better served by delaying disclosure until after indictment or after abandonment of the investigation.")

*2. Private Right to Know*

Aside from the targets' public status, the Movants advance more private arguments in support of disclosure. At times these claims mirror Fourth Amendment arguments, but in short, the Movants contend that their status as notified interceptees imparts on them a right to know more.

For example, the Movants note that they "have a liberty interest and a property right in their own private communications" and thus, upon receiving notice that their calls were intercepted have a right "to know which of their communications have been intercepted by their government, and to know the reasons their government has provided the Court to justify the interception of their private communications." The Movants also argue that such disclosure is dictated by fairness under the § 2518(8)(d). They assert that because the statute orders notification of certain interceptees in addition to targets, it is only fair that interceptees be given enough information to know that they are not, in fact, targets of the investigation. The Movants argue that such a disclosure is implicit in the statute.

As with their public interest argument, the Movants concede that there is no recognized right to disclosure under this theory, but ask the Court to consider their private interests in determining whether disclosure is in the interest of justice. While once again recognizing the Movants' legitimate concerns, the Court still finds that at this time, disclosure would not be in the interest of justice.

The Court acknowledges that the Movants have an interest in knowing which of their conversations the Government intercepted, and why it did so. Even though the law does not provide an absolute right to such disclosures, in most circumstances the disclosure of information furthers the interest of justice more than its concealment. But as noted above, the presence of an

-10-

ongoing investigation leads the Court to the result that the interest of justice is best served by allowing the Government to investigate and enforce federal law.

Additionally, it is worth noting that the Movants are not the only individuals with privacy interests at stake. Notification under § 2518(8)(d) does not automatically trigger disclosure.[16] And contrary to the Movants' claim, disclosure in not implicit in the statute; rather, there is a statutory presumption against disclosure.[17] That presumption exists even absent a government claim to confidentiality, because "the protection of privacy was an overriding congressional concern in the enactment of Title III."[18] And that privacy interest extends beyond non-targets who received notice under § 2518(8)(d). Applications and orders related to wiretaps are extremely detailed, and their disclosure could reveal a substantial amount of detail about the investigation and the targets themselves. Such a disclosure would be inappropriate, especially here, where the investigation is still ongoing and no indictments have been brought. The Court recognizes the Movants' privacy interests, but also must weigh them against the privacy interests of others involved in the investigation. At this time, the Movants' interest in the sought information is not compelling enough to warrant disclosure.

### III. Conclusion

Taken together, the Movants' arguments about both public and private interests fail to convince the Court that disclosure is appropriate at this time. However, although presently unconvincing, the Movants' concerns are far from trivial. "Openness thus enhances both the

---

[16] *Stoddard*, 710 F.2d at 23.

[17] *In re New York Times*, 577 F.3d at 407 (citing *Nat'l Broadcasting Co. v. U.S. Dep't of Justice*, 735 F.2d 51, 53 (2d Cir. 1984)) (noting that "Title III created a strong presumption *against* disclosure of the fruits of wiretap applications.").

[18] *In re Kan. City Star*, 666 F.2d at 1175 (internal quotation marks omitted) (quoting *Gelbard v. United States*, 408 U.S. 41, 48 (1972)).

basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."[19]  The Court has noted that at some time in the future, either after individuals are indicted or the investigation has ended, the Movants' arguments for disclosure will be much more persuasive.  But how are the Movants—or anybody whose calls have been intercepted—to know when that time has arrived?  At the hearing on this motion, the Court was unable to find a suitable answer to that question.

Theoretically, the Government's investigation could end without charges ever being brought.  In such a case, one could hardly expect the Government to simply announce that it was no longer conducting an investigation.  And even if it wanted to, the Government is statutorily prohibited from disclosing wiretap information without a court order.[20]  Outside of regularly renewing this motion—which could prove to be a costly endeavor—it is unclear how the Movants would ever know when they might be able to access their communications that the government intercepted.  The Court is troubled by the possibility of innocent persons having their communications intercepted, and finding themselves unable to find out what was intercepted or why.  As it is currently drafted, Title III might not provide an adequate recourse for people in the Movants' position.  And while that is a problem that the Court need not address today, it is a problem just the same.

---

[19] *Press-Enter. Co. v. Sup. Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 508 (1984).

[20] 18 U.S.C. § 2518(8)(a)-(b),(d).

**IT IS THEREFORE ORDERED** that the Movants' Motion to Inspect (Doc. 1) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 17th day of March, 2017.

*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

WESTLAW

**11 Am. Jur. Pl. & Pr. Forms Federal Criminal Procedure § 141**

**§ 141.Motion—For discovery and inspection—All wiretapped conversations of defendant**
American Jurisprudence Pleading and Practice Forms Annotated   *(Approx. 3 pages)*
Federal Criminal Procedure
X. Discovery and Inspection

# § 141. Motion—For discovery and inspection—All wiretapped conversations of defendant

Topic Summary  |  References  |  Correlation Table
*[Caption, see § 9]*

## MOTION FOR DISCOVERY AND INSPECTION

Defendant, *[name of defendant]*, through counsel, moves the court pursuant to 18 U.S.C.A. § 2518(8)(d) for an order requiring the United States to produce and permit the defendant to inspect and copy each of the following:

1. All original tapes or recordings of conversations obtained by the Department of Justice, the Federal Bureau of Investigation or the Internal Revenue Service at the place of business of *[name of defendant's business associate]*, of *[address of defendant's business associate]*, a close business associate of the defendant, from *[begin date of wiretap]* through *[end date of wiretap]*.

2. Each log summary of each conversation obtained by any of the parties listed in paragraph 1, as previously specified.

3. Interpretive reports prepared by any agent or employee of the United States concerning each tape recorded conversation or log summary as previously specified.

4. Each tape or other recording of each conversation monitored at the residence of the defendant, log summary, and interpretive report pertaining to such conversations during the period specified above in paragraph 1.

5. The name and business address of each agent or employee of the United States who participated in the preparation or conduct of each matter mentioned in the preceding paragraphs, together with the organizational affiliation of such agent or employee.

**Tools**

Easy Edit
Formatted and ready-to-use
version of the form.

**Selected Topics**

Indictment and Information

Fifth Amendment Grand Jury
Indictment Requirement

**Secondary Sources**

Comment Note.--Power of cou
to make or permit amendmen
of indictment

17 A.L.R.3d 1181 (Originally
published in 1968)
. This annotation, without attempti
to make an exhaustive collection o
authorities, discusses the questio
the power of the court to make or
permit an amendment of an
indictment, both under common-...

Power of court to amend
indictment

68 A.L.R. 928 (Originally published
1930)
. This annotation supplements tha
7 A.L.R. 1516 (Supplementing
annotation n 7 A.L.R. 1516.) The r
set out in the original annotation, th
the court may properly allow an
amendment to the captio...

s. 128.   Amendment of
Indictments; Surplusage

1 Fed. Prac. & Proc. Crim § 128 (
ed.)
. Federal courts adhere to the
historic rule that an indictment may
not be amended  The reason is de
An indictment is an action of the
grand jury, and the prosecutor or
court may not change the charg...

See More Secondary Sources

**Briefs**

Brief for the United States

2004 WL 3756721
UNITED STATES OF AMERICA,
Appellee, v. Moshe MILSTEIN,
Defendant-Appellant, Menacham

§ 141.Motion—For discovery and inspection—All wiretapped conversations of defendant | Secondary Sources | Westlaw    Page 18 of 23

2/15/18, 9:43 PM

6. All interdepartmental correspondence, memoranda, or reports between any agencies of the United States pertaining, directly or indirectly, to any of the above matters.

The United States has possession, custody, or control of each of the above-mentioned documents and objects. Each of them constitutes or contains evidence relevant and material to the defense of this action, as is more fully detailed in the affidavit of *[name of affiant]* in support of this motion marked "Exhibit *[designation of exhibit]*" and attached to this motion.

Dated: *[date of motion]*

_____
*[Name of attorney for defendant]*
Attorney for Defendant

## Notes

## Practice Notes

This form is based on 18 U.S.C.A. § **2518(8)(d)** and Fed. R. Crim. P. 47.

### West's Key Number Digest

- West's Key Number Digest, Telecommunications ⟜1476 to 1478

### A.L.R. Library

- Under what circumstances is suppression of wiretap evidence required when person overheard in wiretap but not mentioned in order therefor is not served with inventory notice provided for by 18 U.S.C.A. sec. **2518(8)(d)**, 54 A.L.R. Fed. 599

### Legal Encyclopedias

- Am. Jur. 2d, Searches and Seizures §§ 431 to 436

Westlaw. © 2017 Thomson Reuters. No claim to orig. U.S. Govt. Works.

End of
Document

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

Korall, also known as Mark Landys and Ethel Milstein, Defendants. United States Court of Appeals, Second Circuit
Mar. 31, 2004

FN1  The defendant entered a conditional plea of guilty on a tax count, 26 U.S.C. § 7206(1), which had been severed for trial. Several money-laundering counts were dismissed before trial as time-barred

**Brief for Defendant-Appellant Moshe Milstein**

2004 WL 3262682
UNITED STATES OF AMERICA, Appellee, v. Moshe MILSTEIN, Defendant-Appellant, Menachem Korall, also known as Mark Landys and Ethel Milstein, Defendants. United States Court of Appeals, Second Circuit.
Jan. 27, 2004

. Defendant-appellant Moshe Milstein appeals from A) a judgment of the United States District Court for the Eastern District of New York, entered September 5, 2001, upon . jury verdict convicting him of ...

**Brief of Defendant-Appellant Christopher Bunn**

2007 WL 5910229
UNITED STATES OF AMERICA, Plaintiff, Appellee. v. Christopher BUNN, Defendant Appellant. United States Court of Appeals, Second Circuit
June 25, 2007

FN1. The November 10, 2005 Summary Order is attached (Ex. 3, A13-A15). "A1" designates pages Appellant's attached appendix. FN2 This is as of September 30, 2007. FN3. To receive the loan proceeds

See More Briefs

**Trial Court Documents**

**United States of America v. Livingston, III**

2016 WL 1119060
UNITED STATES OF AMERICA. v. Edward Stuart LIVINGSTON, III, Ronald Joseph Tipa. Thomas Edward Taylor. and Ross Bernard Deblois, Sr., Defendants.
United States District Court, E.D. Virginia.
Feb. 23, 2016

. Before the Court is Defendants' Motion to Dismiss Multiplicitous Counts (Dkt. No. 77). The government opposes the motion. (Dkt. No. 83). The Court will dispose with an oral hearing and rule on the br

**United States of America v. Halajian**

2015 WL 10734151
UNITED STATES OF AMERICA, Plaintiff, v. Barry HALAJIAN, Defendant
United States District Court, E.D. California.
Oct. 27, 2015

. Before the Court is Defendant's Motion to Dismiss the Indictment, ECF No. 45, and the parties' Stipulation of the Parties to Waive Right to Jury Trial, and Request for Court Trial, ECF No. 50. A hearin..

**United States of America v. Mayfield**

2015 WL 10580290
UNITED STATES OF AMERICA, Plaintiff. v. Rocky Thomas MAYFIELD, and Oscar Gabriel

View Full TOC

Federal Criminal Procedure

. Discovery and Inspection

Research References

§ 137. Introductory comments

§ 138. Notice to United States
Attorney--Requesting
discovery and inspection

§ 139. --Request by defendant
for discovery and inspection of
all evidence favorable to
defendant--("Brady request")

§ 140. Motion--For discovery
and inspection--Refusal of
United States Attorney to
comply with request

§ 141. ----All wiretapped
conversations of defendant

§ 142. --By defendant--For
order requiring government to
give notice of intent to use
evidence of other crimes

§ 143. Affidavit--Of defense
counsel--In support of motion
for discovery and inspection--
Refusal of United States
Attorney to comply with
request--Materiality of
evidence sought

§ 144. Request for information
from Department of Justice--
By defendant--Freedom of
Information Act--Criminal
record information

§ 145. Administrative appeal--
Under Freedom of Information
Act--From denial of request for
records

Privacy Statement    Accessibility    Supplier Terms    Contact Us    1-800-REF-ATTY (1-800-733-2889)    Improve Westlaw

THOMSON REUTERS

Delgado, Defendants
United States District Court, D. North
Dakota, Northwestern Division
Nov. 03, 2015

. Before the Court is Defendant
Oscar Gabriel Delgado's motion to
dismiss the indictment based on
grand jury misconduct filed on
September 17, 2015  See Docket
89  Defendant Rocky Thomas
Mayfield joi...

See More Trial Court Documents

United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Person, et al.,* 17 Crim. 683 (LAP)

Dear Judge Preska:

We write on behalf of both defendants in the above-referenced matter to request that the status conference currently scheduled for Thursday, January 4, 2018 at 11:00 a.m. be adjourned by approximately one month. The government has no objection to the adjournment provided that time is excluded.

An adjournment is appropriate because defendants have only recently received substantial supplemental productions of discovery that defense counsel will not be able to review in a meaningful fashion before the currently scheduled conference, especially because of the upcoming holidays. We believe the status conference will be more productive once defense counsel has had a more complete opportunity to review and analyze the discovery.

Accordingly, we respectfully request that the status conference be rescheduled to the first week of February 2018, and, to the extent the Court grants the request, defendants consent to the exclusion of time.

Respectfully,

Jonathan Bach

cc:     All counsel of record (by ECF)

Cooley LLP   1114 Avenue of the Americas   New York, NY 10036
t (212) 479-6000   f (212) 479-6275   cooley.com



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

## INVENTORY NOTICE

January 26, 2018

MAKHTAR NDIAYE
3213 PLACID SPRINGS LN
PLANO, TX 75025-3914

### Notice of Electronic Surveillance and Interception of Wire Communications

Pursuant to an Order of the United States District Court for the Southern District of New York issued under section 2518(8)(d) of Title 18 of the United States Code, this is to inform you that:

During the period of December 9, 2016, through June 8, 2017, the FBI, pursuant to authorization by the United States District Court for the Southern District of New York, conducted electronic surveillance over the cellphone assigned telephone number (205) 266-4155, subscribed to by Lavagun Foster (the "Target Cellphone"), and associated with Rashan Michel. The initial Order authorizing the electronic surveillance was signed on December 9, 2016.

During the course of that surveillance, communications between yourself, or a person using telephone number (310) 909-6897 which is believed to be associated with you or subscribed to in your name, and the Target Cellphone, were intercepted and/or you were named in the applications or orders in connection with the authorization for interception over the Target Cellphone. Further information may in the discretion of the court be made available upon the filing of a motion under section 2518(8)(d) of Title 18 of the United States Code.

JOAN LOUGHNANE
Acting United States Attorney

By: _____/s/_____
Edward B. Diskant /Noah D. Solowiejczyk/
Robert Boone /Aline R. Flodr /Eli Mark
Assistant United States Attorneys

**Subject:** 53947430275__565C5BC6-7A37-4BF5-97A7-03725F3B1CA7.JPG
**From:** Makhtar Ndiaye <makhtarndiaye@icloud.com>
**Date:** 2/4/18, 7:28 PM
**To:** G.peters@myattys1.com

**Makhtar Ndiaye**