```
I253PERC
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                      17 CR 683 (LAP)

CHUCK CONNORS PERSON and
RASHAN MICHAEL,

             Defendants.

------------------------------x

                                 New York, N.Y.
                                 February 5, 2018

Before:

              HON. LORETTA A. PRESKA,

                              District Judge

                  APPEARANCES

GEOFFREY S. BERMAN
    Interim United States Attorney for the
    Southern District of New York
NOAH D. SOLOWIEJCZYK
EDWARD B. DISKANT
ALINE R. FLODR
    Assistant United States Attorneys

SHER TREMONTE, LLP
    Attorneys for Defendant Person
THERESA M. TRZASKOMA
EMMA S. SPIRO

COOLEY, LLP
    Attorneys for Defendant Michael
JONATHAN P. BACH
KAITLAND McCANN KENNELLY
STEPHANIE SCHUYLER

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1                (In open court; defendants not present)

2                THE COURT:  United States v. Person.  Is the
3     government ready?

4                MR. SOLOWIEJCZYK:  Yes.  Good morning, your Honor.
5     Noah Solowiejczyk on behalf of the government.  I'm joined by
6     Edward Diskant and Aline Flodr.

7                THE COURT:  Counsel for Mr. Person?

8                MS. TRZASKOMA:  Theresa Trzaskoma from Sher Tremonte,
9     and with me is my colleague Emma Spiro.

10               THE COURT:  Counsel for defendant Michael?

11               MR. BACH:  Michael Bach with Kaitland Kennelly and
12    Stephanie Schuyler.

13               THE COURT:  Where do we stand, friends?

14               MR. SOLOWIEJCZYK:  Your Honor, over the past few
15    months the government has made multiple discovery productions.
16    I think at this point it is safe to say that discovery is
17    substantially complete.  There will probably be a few straggler
18    subpoena returns, that sort of thing, but all the Title III
19    intercepts have been produced, all the consensually recorded
20    calls have been produced, text messages, various subpoena
21    returns.  So it is a significant amount of material that's been
22    produced in the last two months.

23               THE COURT:  Thank you.  What do you want to do next?

24               MR. SOLOWIEJCZYK:  I think that at this point the
25    government's ready to set a schedule, motions, a trial date in

I253PERC

1    the future, if the defense is ready for that.
2             THE COURT:  Do we anticipate any motions, friends?
3             MS. TRZASKOMA:  Yes, your Honor.  I believe I speak on
4    behalf of Mr. Bach as well.  We anticipate that we will have a
5    motion on the face of the indictment.  And --
6             THE COURT:  Saying what?
7             MS. TRZASKOMA:  That we believe there are serious
8    defects in the indictment, that the legal theories proposed --
9             THE COURT:  Like what?
10            MS. TRZASKOMA:  I'm sorry?
11            THE COURT:  I know you say you think there are defects
12   in the indictment.  Tell me something I don't know.  Tell me
13   what you think is defective.
14            MS. TRZASKOMA:  Well, your Honor, we think with
15   respect to each of the charges brought by the government
16   against the defendants in this case, that they're advancing
17   novel uses of the bribery statute, the honest services fraud
18   statute, and wire fraud.  And --
19            THE COURT:  So what's wrong with them, is the
20   question.
21            MS. TRZASKOMA:  That we think that they cannot be
22   stretched so far to cover what our essentially violations of
23   the NCAA rules.  And we're prepared --
24            THE COURT:  I don't think anybody, at least I didn't
25   understand any of you to be taking the position that these

I253PERC

1   weren't violations of the rules.  But nobody cares about that.
2   The question is do they fall within the statutes.
3            MS. TRZASKOMA:  Yes, your Honor.  We think they don't.
4            THE COURT:  Counsel.  I know you think they don't.
5   Tell me why.
6            MS. TRZASKOMA:  Well, I think -- with respect to wire
7   fraud, well, I guess we can start with wire fraud, for example,
8   your Honor.  We don't think there is -- that there has been
9   sufficient allegations that -- the government's theory is that
10  Auburn University was defrauded here.  And we don't believe
11  that the allegations amount to a fraud on Auburn University.
12  We think there is actually case law from the Seventh Circuit
13  that flatly rejects the government's efforts to use the wire
14  fraud statute under facts similar to those here.
15           Similarly, there are problems with the government's
16  honest services fraud theory in terms of whether or not the
17  government has sufficiently identified a duty that was owed.
18  And we think the same problem exists with respect to 666.
19           THE COURT:  Okay.  Do you want to add anything,
20  Mr. Bach?
21           MR. BACH:  No, Judge, and I apologize for not being
22  able to articulate.  These are very case-law specific issues
23  that go to statutory interpretation.  We've been working --
24           THE COURT:  I understand.  But we'd like to have a
25  little hint of what we're waiting around for.

1        MR. BACH:  Understood.

2        THE COURT:  All right.  Mr. Solowiejczyk, what do you
3   have to say?

4        MR. SOLOWIEJCZYK:  Your Honor, we just briefed this
5   issue, one of these statutes in front of Judge Kaplan.  That's
6   pending, the wire fraud statute as to honest services fraud,
7   and I'm not going to go through all of our arguments at this
8   point.  There is a clear fiduciary duty between an employer and
9   an employee, and the scheme we've alleged here clearly exposed
10  the university to some significant harm as a result of the
11  conduct of their fiduciaries, the coaches.

12       But at this point, your Honor, we're happy to respond
13  in due course to these motions but we believe these --

14       THE COURT:  Of course.  Of course you're happy to
15  respond.  And of course we believe that.

16       MR. SOLOWIEJCZYK:  The government did a lot of
17  diligence and research before bringing these charges, the
18  government thought long and hard, and these fall comfortably
19  within these statutes.  Just because they happen to be in the
20  area of basketball, it doesn't mean that at the end of the day
21  the statutes don't apply to that area of commerce, business in
22  the world.  So, just because this is a case about basketball,
23  it doesn't mean that you can't commit honest services fraud or
24  you can't commit bribery, and nobody is saying it is just a
25  pure NCAA rules violation.  There have to be other things that

1  go with that, and the government believes it has alleged as
2  much, and as we said, in due course we'll respond to any
3  motions.
4          THE COURT:  When are you going to make your motion,
5  counsel?
6          MS. TRZASKOMA:  I would propose that the defense
7  motions be made by March 9.
8          THE COURT:  All right.  When does the government want
9  to respond?  Is that okay with you, Mr. Bach?
10         MR. BACH:  Yes.  To be clear, that would be a motion
11 on the legal sufficiency of the indictment.
12         THE COURT:  Do you have other motions up your sleeve?
13         MR. BACH:  I think we do.
14         THE COURT:  Let's hear it.
15         MR. BACH:  We might well challenge the wiretap in this
16 case.  That requires more work and more thought.
17         THE COURT:  On what basis?
18         MR. BACH:  Well, first of all, there were less
19 intrusive means available to the government.  They concocted
20 this case through their own cooperator.  And they had a
21 cooperator who was actively engaged with a team of FBI agents
22 with all kinds of consensual monitoring.  And you can't -- you
23 can't have a wiretap if it's clear that there are less
24 intrusive means available to conduct an investigation in a
25 meaningful and adequate way, and I think the government really

1     showed it was able to do that here without resorting to Title
2     III.  So that would be --
3              THE COURT:  When do you want to make that, March 9?
4              MR. BACH:  No, I'd like -- because we're studying the
5     wiretap and the discovery and questions -- I think my client
6     has some 30 hours of taped conversations.  And we're still
7     trying to figure out from the government which of those it
8     views as more important than others.  I would like some time to
9     analyze and sort through that material.
10             THE COURT:  Mr. Solowiejczyk.
11             MR. SOLOWIEJCZYK:  Your Honor, we think it makes sense
12    to have all the motions on the same schedule, to not bifurcate
13    the motions.  It is just going to create more work for
14    everybody.  So if Mr. Bach thinks he needs more time maybe it
15    makes sense to --
16             THE COURT:  I don't know it makes sense to push them
17    all back.  It sounds like they're pretty discrete arguments.
18             MR. SOLOWIEJCZYK:  They are, your Honor.  Just to have
19    rounds and rounds of briefing on two different sets of motions,
20    it sometimes creates additional work for all the parties.  But
21    if the Court thinks that's the preferrable course, of course
22    then we'll do that.
23             THE COURT:  I think we might as well just get it over
24    with.  When do you want to move, Mr. Bach?
25             MR. BACH:  Can we have an additional 30 or 60 days on

1    that motion?
2            THE COURT:  30 more.  So whatever the next business
3    day is closest to April 9.  When does the government want to
4    respond to the indictment motion?
5            MR. SOLOWIEJCZYK:  If the government could respond on
6    the date that Mr. Bach files the new motion so a month --
7            THE COURT:  So a month out.
8            MR. SOLOWIEJCZYK:  Yes.
9            THE COURT:  Okay.  And reply in two weeks after that,
10   counsel.
11           MS. TRZASKOMA:  Yes, your Honor.  That would be I
12   think April 23.
13           THE COURT:  Okay.  Then same thing for Mr. Bach's
14   motion.  30 days and two weeks.  All right.  Okay.
15           What else, friends?
16           MR. BACH:  One housekeeping matter, your Honor.  My
17   client has been reporting to pretrial services in North
18   Carolina, in Charlotte, but he's now living primarily in
19   Atlanta.  And he would like to switch his pretrial supervision
20   to Atlanta.
21           THE COURT:  Any objection from the government?
22           MR. SOLOWIEJCZYK:  No, your Honor.
23           THE COURT:  All right.  Done.
24           MR. BACH:  Okay.  And I don't know whether I need a
25   piece of paper to show the pretrial services.

1              THE COURT:  Why don't you folks work it out.
2              MR. BACH:  Will do.
3              THE COURT:  All right.  I hear that you don't want to
4     go to trial until a year from now.  Why is that?
5              MR. SOLOWIEJCZYK:  Your Honor, this is partially the
6     government.  We have a trial date already in the Gatto matter
7     in front of Judge Kaplan in October.  That will take probably
8     about a month.  So the government, the attorneys working on
9     this case will be occupied in October with that trial.
10             I will say the discovery here is quite voluminous.
11    Defense counsel can tell me if I'm wrong, but I doubt defense
12    counsel has made it through all the discovery at this point.
13             THE COURT:  But today is February of 2018.
14             MR. SOLOWIEJCZYK:  It is certainly a long time.  We
15    recognize that, your Honor.  Because there are three different
16    cases here, it will be very hard for the government to try the
17    case I think before February, because we're going to be
18    occupied with the other trial.
19             THE COURT:  All right. February 4, 2019.  Also, as
20    usual, I'd like the requested voir dire questions and the
21    request to charge a week before trial, please.
22             What else, friends?
23             MR. SOLOWIEJCZYK:  If there is nothing further from
24    the defense, the government would move to exclude time until
25    the trial date.  This will allow the defense to continue to

I253PERC

1  review discovery, to file any motions, for the parties to
2  continue discussions of any pretrial dispositions.
3              THE COURT:  Any objection, friends?
4              MS. TRZASKOMA:  No, your Honor.
5              MR. BACH:  No.
6              THE COURT:  In order to permit all of those activities
7  to go forward, time between today and February 4, 2019 is
8  excluded from calculation under the Speedy Trial Act in the
9  interest of justice.
10             Anything else?
11             MR. SOLOWIEJCZYK:  Nothing further.
12             THE COURT:  Thank you, friends.  Good morning.
13             (Adjourned)
14
15
16
17
18
19
20
21
22
23
24
25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300