UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------- X

UNITED STATES OF AMERICA,

v.

CHUCK CONNORS PERSON
and RASHAN MICHEL,

Defendants.

-------------------------------------- X

No. 17 Cr. 683 (LAP)

**DEFENDANT RASHAN MICHEL'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S JOINT MOTION TO SUPPRESS WIRETAP AND CELL PHONE EVIDENCE**

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

I. The Government Abandons Its Wire Fraud Theory In Its Superseding Indictment, Thereby Exposing The Fallacious Predicate For Its Original Wiretap Application ........ 2

II. Even Before The Government Abandoned Its Wire Fraud Theory, Its Initial Wiretap Application Failed To Set Forth Probable Cause For The Target Wire Fraud Offenses ........ 3

III. The Wiretap Evidence Should Be Suppressed ........ 4

CONCLUSION ........ 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*U.S. v. Ward*,
808 F. Supp. 803 (S.D. Ga. 1992)....................4, 5, 6

*United States v. Masciarelli*,
558 F.2d 1064 (2d Cir. 1977)....................4

*United States v. Millstone*,
684 F.Supp. 867 (W. D. Pa.1988)....................5

*United States v. Muse*,
No. 06 CR. 600 (DLC), 2007 WL 853437 (S.D.N.Y. Mar. 21, 2007) ....................4, 5

*United States v. Rice*,
478 F.3d 704 (6th Cir. 2007) ....................6

**Statutes**

18 U.S.C. § 1343 ....................

18 U.S.C. § 1349....................1, 2, 4

18 U.S.C. § 1346....................5

18 U.S.C. § 2516....................3, 5

18 U.S.C. § 2516(1)(c)....................4

18 U.S.C. § 2518....................5

18 U.S.C. § 666....................3, 5

18 U.S.C. § 1952....................3, 4, 5

Defendant Rashan Michel respectfully submits this Supplemental Memorandum to advise the Court of additional facts and circumstances that support his request to suppress all evidence obtained from successive wiretaps of his personal cellphone. (*See* Defendants' Joint Motion To Suppress Wiretap And Cell Phone Evidence.)

**INTRODUCTION**

The government's initial wiretap application, from which all successive applications derived, undertook to set forth probable cause with respect to the "Target Offenses" of wire fraud and conspiracy to commit wire fraud under 18 U.S.C. §§ 1343 and 1349. Following his indictment in this case, Michel filed a brief in which he contended that the government had no valid basis upon which to pursue such wire fraud charges, even if all of the facts alleged in the government's lengthy indictment were accepted as true. (*See* Defendant Rashan Michel's Memorandum Of Law In Support Of His Motion To Dismiss The Indictment, No. 17 Cr. 683, ECF No. 49.)

In response to the legal challenge raised by Michel, the government chose not to defend the wire fraud conspiracy count included as Count Five of the original indictment. Instead, the government filed a superseding indictment that dropped that charge and abandoned the wire fraud theory that had apparently served as the basis for its initial wiretap application. It is now apparent that the government had no valid basis for the wire fraud conspiracy charge included in the original indictment or for asserting probable cause on the basis of such an offense in its wiretap applications.

Just as significantly, even before the government abandoned its wire fraud theory, it was apparent on the face of the government's initial wiretap application that the government had failed to set forth probable cause for the commission of any wire fraud target offense. As a result, the wiretap evidence must be suppressed.

## I. THE GOVERNMENT ABANDONS ITS WIRE FRAUD THEORY IN ITS SUPERSEDING INDICTMENT, THEREBY EXPOSING THE FALLACIOUS PREDICATE FOR ITS ORIGINAL WIRETAP APPLICATION

The original indictment in this case charged defendant Rashan Michel in five counts, including one count of wire fraud conspiracy under 18 U.S.C. §§ 1343 and 1349 (Count Five). (*See* Indictment, No. 17 Cr. 683, ECF No. 17.) On March 30, 2018, Michel filed a memorandum of law in support of a motion to dismiss the indictment, arguing among other things that the government had failed to plead a wire fraud violation. (*See* Defendant Michel's Memorandum of Law in Support of his Motion to Dismiss the Indictment, No. 17 Cr. 683, ECF No. 49 at 33-51.) On May 31, 2018, the government filed Superseding Indictment S1 17 Cr. 683 (LAP). The Superseding Indictment dropped in its entirety the wire fraud conspiracy count that had previously been charged against Michel. As set forth in the government's June 1, 2018 letter to the Court, "[t]he Superseding Indictment instead charges [co-defendant] Person alone with one substantive wire fraud count." (Ex. 1.)

Defendants have jointly moved to suppress wiretap and cellphone evidence. As set forth in their joint memorandum of law filed on April 30, 2018, the only target offenses identified in the government's initial wiretap application were wire fraud and conspiracy to commit wire fraud under 18 U.S.C. §§ 1343 and 1349. (*See* Defendants' Memorandum of Law in Support of Their Joint Motion to Suppress Wiretap and Cell Phone Evidence, No. 17 Cr. 683, ECF No. 59 ("Def. Br.") at 2.) In other words, the wiretap application was based upon the very offenses that the government has since concluded have no place among its various charges against defendant Michel.

It should be emphasized that while the Superseding Indictment continues to charge Michel with other offenses, including but not limited to conspiracy to commit bribery and conspiracy to commit honest services fraud, the government's initial wiretap application

expressly advised the reviewing judge as follows: "While the Government believes that the Target Subjects are committing violations of Title 18, United States Code, Sections 666 [bribery] and 1346 [honest services fraud] and conspiracy to do the same, these offenses are not defined as predicate offenses under 18 U.S.C. § 2516," the federal wiretap statute. (*See* Def. Br. Ex. 1 (the "December 9 Wiretap Application") at US_00008566 & US_00008589.) It should also be emphasized that in subsequent wiretap applications, of which there were five, the government for the first time expanded its list of target offenses to include honest services fraud and violations of the Travel Act (18 U.S.C. § 1952) as well as conspiracy to commit the same. (*See Id*. at US_00008740, US_00008927, US_00009106. US_00009349, US_00009551.) Nevertheless, such target offenses were not among those presented to the reviewing judge in the initial wiretap application.

## II. Even Before The Government Abandoned Its Wire Fraud Theory, Its Initial Wiretap Application Failed To Set Forth Probable Cause For The Target Wire Fraud Offenses

The government's initial wiretap application was based upon the supporting affidavit of Special Agent Scott Carpenter ("Carpenter Affidavit"). The Carpenter Affidavit addresses the issue of probable cause at pages 12 through 16. On page 12, the Carpenter Affidavit summarily states that "there is probable cause to believe that one or more of the Target Subjects have committed, are currently committing, and will continue for at least the next 30 days to commit one or more of the Target Offenses." (*Id.* at US_00008596.)

On pages 14 through 16, the Carpenter Affidavit provides an overview of the investigation to date, including a discussion of some of the factual allegations underlying the government's alleged bribery scheme. With respect to the bribery scheme, the Carpenter Affidavit refers to NCAA rules and to conversations with a Confidential Witness that have led the government to believe that such rules are being violated. Special Agent Carpenter states,

"there is probable cause to believe that sports agents and other athlete advisors, including the Target Subjects, have made and are making payments to NCAA . . . basketball coaches in return for . . . the coaches providing access to . . . [and] using their influence [over] . . . student athletes." (*Id.* at US_00008599-8600.)[1]

With respect to the wire fraud Target Offenses, however, no factual elaboration is provided, even though such offenses are identified as the Target Offenses that purportedly provide the basis for the wiretap application. The affidavit once again summarily states that "[t]here is also probable cause to believe that the Target Subjects will use the Target Cellphones . . . in furtherance of, in connection with, to facilitate, to accomplish, and to commit the Target Offenses specified herein." (*Id.* at US_00008600.) This language is purely conclusory. It does not provide any factual basis for concluding that wire fraud has occurred, is occurring, or is about to occur. It does not undertake to spell out any theory of probable cause.

## III. The Wiretap Evidence Should Be Suppressed

To obtain authorization for a wiretap under Title III, the government must show that there is probable cause to believe that an individual is committing a "particular offense." *United States v. Muse*, No. 06 CR. 600 (DLC), 2007 WL 853437, at *3 (S.D.N.Y. Mar. 21, 2007). The "particular offense" must be one of the specific offenses enumerated in 18 U.S.C. § 2516(1)(c). *United States v. Masciarelli*, 558 F.2d 1064, 1067 (2d Cir.1977); *U.S. v. Ward*, 808 F. Supp. 803 (S.D. Ga. 1992). Here the government's wiretap application was clear that the particular target offenses at issue were wire fraud offenses under 18 U.S.C. §§ 1343 and 1349. At the same time, the government expressly stated that it was not predicating its application on honest services

[1] The vast majority of the Carpenter Affidavit is addressed to the "Bribery Scheme," not a wire fraud scheme. *See* pages US_00008605—US_00009634 (describing the "CHUCK PERSON bribery scheme").

fraud (18 U.S.C. § 1346) or bribery (18 U.S.C. § 666). As set forth above, the government's wiretap application was deficient in at least two respects. First, the affidavit in support of the application failed to spell out any factual basis upon which a reviewing judge could conclude that there was probable cause to believe that a wire fraud offense was actually afoot. The supporting affidavit included only summary references to the target wire fraud offenses without providing any factual elaboration to support a finding of probable cause. Second, to the extent the government might claim that it was relying upon some unarticulated theory that the conduct described in the application constituted wire fraud, such as the theory set forth in Count Five of the original indictment, it has since abandoned any such theory.[2]

Title III has its own exclusionary rule and requires suppression of all "unlawfully intercepted" communications. *United States v. Muse,* No. 06 CR. 600 DLC, 2007 WL 853437, at *3 (S.D.N.Y. Mar. 21, 2007); 18 U.S.C. § 2518. Suppression of wiretap evidence is warranted where, as here, the government fails to satisfy a provision of Title III that "directly and substantially" implements Congress's limiting intent regarding the use of wiretaps." *Ward*, 808 F.Supp. at 806 (citing *United States v. Giordano*, 416 U.S. 505, 513 (1974)). Compliance with § 2516 is "no mere technicality." *Ward*, 808 F.Supp. at 806. Failure to establish probable cause for one of § 2516's specifically enumerated target offenses warrants suppression. *Id.* at 809. *See also United States v. Millstone*, 684 F.Supp. 867, 870-71 (W. D. Pa.1988) (reversed on other grounds) (interceptions made pursuant to non-enumerated offenses are subject to suppression).

The five follow-on wiretap applications were all fruits of the flawed initial application and thus evidence obtained from them must be suppressed as well. *See* Def. Br. Ex. 2 (January

[2] The alleged conduct that forms the basis of the government's remaining bribery, honest services fraud and Travel Act counts against Michel occurred before the government's initial wiretap application was submitted, and thus the bulk of the evidence that may support those counts was obtained through other investigative means.

9, 2017 Wiretap Application) at US_00008806-8832; Def. Br. Ex. 3 (February 10, 2017 Wiretap Application) at US_00009177-9250; Def. Br. Ex. 4 (April 27, 2017 Wiretap Application) at US_00009485-9487; Def. Br. Ex. 5 (May 27, 2017 Wiretap Application) at US_00009619-9663. "[D]erivative evidence obtained as the result of an intercept that did not comply with a central provision of Title III must be suppressed." *Ward*, 808 F.Supp. at 809 (citing *Giordano*, 416 U.S. at 533).[3]

## CONCLUSION

For the foregoing reasons and those set forth in the Defendants' Joint Motion To Suppress, defendant Michel respectfully requests that the Court grant his motion to suppress all evidence obtain from wiretaps and searches of his personal cellphone.

Dated: New York, New York
July 27, 2018

COOLEY LLP

By: */s/Jonathan Bach*
Jonathan Bach
Reed Smith
Kaitland Kennelly

1114 Avenue of the Americas
New York, New York 10036
Phone: (212) 479-6000

*Attorneys for Defendant Rashan Michel*

[3] To our knowledge, the Second Circuit has never recognized a good faith exception for wiretap applications that lack probable cause. At least one circuit has held that enforcement of Title III's suppression provision precludes the application of a *Leon*-style good faith exception. *United States v. Rice*, 478 F.3d 704, 711 (6th Cir. 2007).