# EXHIBIT 1



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 1, 2018

**BY ELECTRONIC MAIL**

The Honorable Loretta A. Preska
United States District Judges
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    <u>United States</u> v. <u>Chuck Person et al.</u>, 17 Cr. 683 (LAP)

Dear Judge Preska:

    The Government writes to inform the Court that, yesterday, a grand jury returned a superseding indictment in the above-captioned case, S1 17 Cr. 683 (LAP) (the "Superseding Indictment"). A copy of the Superseding Indictment is attached hereto.

    The Superseding Indictment is materially the same as the prior charging instrument with respect to (1) the conspiracy to commit bribery charge (Count One); (2) the solicitation of bribes charge (Count Two); (3) the conspiracy to commit honest services wire fraud charge (Count Three); (4) the honest services wire fraud charge (Count Four); and (5) the Travel Act conspiracy charge (Count Six). With respect to these counts, the legal theories set forth in the original indictment remain the same in the Superseding Indictment.

    The Superseding Indictment, however, differs with respect to the wire fraud count contained in Count Five. The original indictment charged defendants Chuck Connors Person and Rashan Michel with conspiracy to commit wire fraud, alleging that the object of this conspiracy was to fraudulently cause Auburn University to provide scholarships to student-athletes and their families, under the false pretenses that the student-athletes were eligible to play in NCAA competition when, in fact, and as a result of the defendants' conduct, they were not. The Superseding Indictment instead charges Person alone with one substantive wire fraud count, alleging that Person obtained his salary from Auburn through material misrepresentations, in written agreements and certification forms, that concealed the existence of bribe payments Person had received, bribe payments Person knew would cause Auburn to terminate his employment.

    The filing of the Superseding Indictment will not necessitate the production of any additional discovery.

      The Government respectfully requests that the Court schedule an arraignment of defendants Person and Michel on the Superseding Indictment. The Government has consulted with defense counsel, and the parties are free on June 12, 2018 for an arraignment.

                                    Respectfully submitted,

                                    GEOFFREY S. BERMAN
                                  United States Attorney

By:           /s/
        Robert Boone/Noah Solowiejczyk/
        Edward Diskant/Eli Mark/Aline Flodr
        Assistant United States Attorneys
        (212) 637-2208/2473/2294/2431/1110

cc: Defense counsel (by email)