# EXHIBIT 4

<mark>



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*


July 13, 2018


**By Electronic Mail**

Theresa Trzaskoma Esq.
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, NY 10004


      Re:    *United States* v. *Chuck Person*, 17 Cr. 683 (LAP)

Dear Theresa:

      We write in response to your letter dated June 20, 2018 requesting particulars with respect to certain allegations in the Superseding Indictment.

      With respect to Paragraphs 43, 44 and 47 of the Superseding Indictment, you request that the Government "state with specificity the 'business, transactions, and series of transactions' that were the object of the alleged intent to influence and reward or to be influenced and rewarded."

      With further respect that "with respect to Count Five, . . . the government state with specificity the 'money and property' and the 'material misrepresentations to Auburn University' alleged in Paragraph 54 of the Superseding Indictment."

      The Government believes that the 61-paragraph, 29-page Superseding Indictment provides more than sufficient detail regarding these issues and that the defendant is, therefore, not entitled to the particulars that he seeks. The Government draws your attention in particular to paragraphs 1 through 3, 27, 45, and 47 of the Superseding Indictment, all of which provide information about the manner in which it is alleged that Chuck Person was influenced in connection with his duties as a coach at Auburn University in exchange for the bribe payments that are alleged in the Superseding Indictment. Additionally, the Indictment alleges a number of specific players with respect to whom scheme participants are alleged to have sought to influence Person.

      Furthermore, with respect to your requests regarding Count Five, the Government would draw your attention to, among other allegations in the Superseding Indictment, the detailed to wit clause of Paragraph 54, which provides more than sufficient detail about the nature of the Government's wire fraud charge.

Moreover, and although we do not believe the defendant is entitled to any additional information, the Government would also note, in an effort to avoid unnecessary motion practice, that it is very clear from the detailed allegations in the Superseding Indictment that Person is alleged to have accepted bribery payments to influence his conduct with respect to the business of Auburn University – namely with respect to the conduct of Auburn University's basketball program – and the performance of his duties as an associate coach at Auburn University.

On this record, we do not believe you are entitled to additional particulars. As you are assuredly aware, it is black letter law in this Circuit that, given the detailed allegations in the Superseding Indictment and the voluminous discovery, you are not entitled to any further information at this time. *See, e.g., United States* v. *Berganza*, No. 03 Cr. 987 (DAB), 2005 WL 372045, at *5 ("'[a] bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" (S.D.N.Y. Feb. 16, 2005) (quoting *United States* v. *Torres*, 901 F.2d 205, 234 (2d Cir. 1990)); *United States* v. *Taylor*, 707 F. Supp. 696, 699 (S.D.N.Y. 1989) (citations omitted) (the function of a bill of particulars is not "to allow defendants to preview the evidence or theory of the Government's case."); *United States* v. *Zemlyansky*, 945 F. Supp. 2d 438, 484-85 (S.D.N.Y. 2013) ("It is improper to use a bill of particulars to compel the Government to disclose the manner in which it will prove the charges or preview its evidence or legal theory." (quoting *United States* v. *Muyet,* 945 F. Supp. 586, 598-99 (S.D.N.Y.1996) (alteration omitted))); *Kazarian,* 2012 WL 1810214, at *25 (noting the "enormous amount of discovery material," which "provide[s the defendant] with much of the information sought in the request for a bill of particulars"); *see also, e.g.*, *United States* v. *Monserrate*, No. 10 Cr. 965 (CM), 2011 WL 3480957, at *4 (S.D.N.Y. Aug. 4, 2011) (denying request for bill of particulars where discovery materials and indictment were "sufficient to apprise the defendant of the charge against him" and to allow him to prepare for trial); *Samsonov*, 2009 WL 176721, at *4 (denying bill of particulars request where indictment, discovery letters, and discovery materials gave defendant adequate information to prepare for trial).

The Government remains available to confer further on any of the topics outlined above. The Government also requests that the defendant confirm whether he has, to date, met his reciprocal disclosure obligations under Rule 16(b) and we renew our request for reciprocal disclosure from the defendant.

    Very truly yours,

    GEOFFREY S. BERMAN
    United States Attorney

    By: __/s/_____
        Robert L. Boone/Noah Solowiejczyk/
        Edward B. Diskant/Eli Mark/Aline R. Flodr
        Assistant United States Attorneys
        (212) 637- 2208/2473/2294/1110