# EXHIBIT 7



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 23, 2018

**By Electronic Mail**

Theresa Trzaskoma Esq.
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, NY 10004

Jonathan Bach, Esq.
Cooley LLP
1114 Avenue of the Americas
New York, NY 10036

       Re:    *United States* v. *Chuck Person et al.*, 17 Cr. 683 (LAP)

Dear Theresa and Jonathan:

    We write in response to your respective letters dated July 17, 2018. As we indicated in our prior correspondence, we do not believe you are entitled to a bill of particulars as a matter of law on this record. As a matter of courtesy, we endeavored to point you to aspects of the factual allegations in the Indictment that we felt were most relevant to your initial request, but we had no intention of in any way limiting our Indictment or charging theory in the process.

    Indeed, to use a request for particulars as a means to limit the Government's ability to prove its case at trial or to lock the Government into a particular theory is contrary to well-settled case law in this Circuit. *See, e.g.*, *United States* v. *Rigas,* 258 F. Supp. 2d 299, 304 (S.D.N.Y. 2003) (A bill of particulars should not be employed in an attempt to "lock the government into its proof."); *United States* v. *Mahabub*, No. 13 Cr. 908, 2014 WL 4243657, *2 (S.D.N.Y. Aug. 26, 2014); *United States* v. *Samsonov*, No. 07 Cr. 1198, 2009 WL 176721, at *2-*4 (S.D.N.Y. Jan. 23, 2009) (bill of particulars should not be "misused to compel disclosure of how much the Government can prove, nor to foreclose the Government from using proof it may develop as the trial approaches"); *United States* v. *Zemlyansky*, 945 F. Supp. 2d 438, 484-85 (S.D.N.Y. 2013) ("It is improper to use a bill of particulars to compel the Government to disclose the manner in which it will prove the charges or preview its evidence or legal theory.").

    Between the lengthy indictment and the extensive discovery, you have more than sufficient information to prepare for trial. *United States* v. *Berganza*, No. 03 Cr. 987 (DAB), 2005 WL

372045, at *5 (S.D.N.Y. Feb. 16, 2005) ("'[a] bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" (quoting *United States* v. *Torres*, 901 F.2d 205, 234 (2d Cir. 1990))).  No further disclosure is required or warranted.

        Very truly yours,

        GEOFFREY S. BERMAN
        United States Attorney

By: __/s/_____
    Robert L. Boone/Noah Solowiejczyk/
    Edward B. Diskant/Eli Mark/Aline R. Flodr
    Assistant United States Attorneys
    (212) 637- 2208/2473/2294/1110

2