UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                                :
UNITED STATES OF AMERICA,       :

           v.                         :   No. 17 Cr. 683 (LAP)

CHUCK CONNORS PERSON            :
and RASHAN MICHEL,               :

               Defendants.      :
------------------------------------- X


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR A BILL OF PARTICULARS**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ....................................................................................................................1

I.   Relevant Procedural Background ..................................................................................1

II.  A Bill Of Particulars Should Be Granted.......................................................................3

CONCLUSION.........................................................................................................................6

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*United States v. Bortnovsky*,
  820 F.2d 572 (2d Cir. 1987) ................................................................................................3

*United States v. Ojeda*,
  412 F. App'x 410 (2d Cir. 2011) .........................................................................................3

*United States v. Perry*,
  No. CRIM. 12-10293-DJC, 2013 WL 3158078 (D. Mass. June 19, 2013) ........................5

*United States v. Person*,
  No. S1 17 Cr. 683 (S.D.N.Y. Nov. 7, 2017) .......................................................................5

*United States v. Savin*,
  No. 00-CR-45 (RWS), 2001 WL 243533 (S.D.N.Y. Mar. 7, 2001) ....................................5

**Statutes**

18 U.S.C. § 666 ..............................................................................................................................1

**Other Authorities**

Fed. R. Crim. P. 7(c)(1) .................................................................................................................3

Federal Rules of Criminal Procedure Rule 7(f) ....................................................................1, 3, 5

Defendants Chuck Connors Person and Rashan Michel respectfully submit this Memorandum of Law in support of their Motion for a Bill of Particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.

**INTRODUCTION**

Defendants seek limited particulars to obtain sufficient information about the charges against them to prepare for trial, and to avoid unfair surprise or double jeopardy.

*First*, Defendants seek a specific statement from the government identifying the "business, transactions or series of transactions" of Auburn University – an essential element of the federal funds bribery charges. To date, the government has identified the general business of running a rules-compliant NCAA basketball program as one such "business," but it has declined to provide any further particulars.

*Second*, Mr. Person seeks particulars concerning the alleged misrepresentations underpinning the government's new theory of wire fraud. The government has refused to provide Mr. Person with any details beyond the allegations in the Superseding Indictment.

Even if Defendants are not entitled to specific evidentiary details concerning how the government intends to prove its case, Defendants are entitled to a plain and concise statement of the essential facts constituting the offense charged. The minimal disclosures that Defendants seek are fundamental to a fair trial and would not prejudice the government in any way.

**I.      Relevant Procedural Background**

Count One of the Superseding Indictment S1 17 Cr. 683 (LAP) charges Defendants with conspiracy to commit federal funds bribery under 18 U.S.C. § 666. In charging Defendants with federal funds bribery (and related honest services fraud charges), the Superseding Indictment states as follows:

1

> 43. It was a part and object of the conspiracy that CHUCK CONNORS PERSON, the defendant, being an agent of an organization that received, in a one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, Auburn University, corruptly would and did solicit and demand for the benefit of a person, and accept and agree to accept, something of value from CW-1, intending to be influenced and rewarded <u>in connection with a business, transaction, and series of transactions of such organization,</u> involving something of value of $5,000 and more, in violation of Title 18, United States Code, Section 666 (a) (1) (B).
>
> 44. It was further a part and an object of the conspiracy that RASHAN MICHEL, the defendant, and others known and unknown, corruptly would and did give, offer, and agree to give something of value to a person, with intent to influence and reward an agent of an organization, <u>in connection with business, transactions, and series of transactions of such organization</u> involving a thing of value of $5,000 and more, while such organization was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, in violation of Title 18, United States Code, Section 666 (a) (2).

(*See* Superseding Indictment, No. S1 17 Cr. 683, ECF No. 71 at ¶¶ 43, 44 (emphasis added).) The Superseding Indictment does not identify in plain or concise terms the "business, transactions and series of transactions" that were the supposed object of influence.

Count Five of the Superseding Indictment charges Mr. Person alone with one count of wire fraud based on the theory that Mr. Person received his salary by making "material misrepresentations to Auburn University, including in written agreements and certification forms submitted to Auburn University, that concealed the existence of bribe payments that Person had received in violation of NCAA rules and Person's duties to Auburn University." (*See* Superseding Indictment at ¶ 54; *see also id.* ¶¶ 4, 23–26.)  The Superseding Indictment references three such written agreements and certification forms. (*Id.* at ¶ 23-26.)

By letters dated June 19 and 20, 2018, defense counsel requested the government to provide certain particulars, including identification of the specific "business, transactions and series of transactions" of Auburn University alleged in Count One, and identification of the

2

"material misrepresentations" alleged in Count Five. (Exs. 1, 2.)  By letters dated July 13, 2018, the government responded by identifying the following "business":  "Person is alleged to have accepted bribery payments to influence his conduct with respect to the <u>business</u> of Auburn University – <u>namely</u> with respect to the conduct of Auburn University's basketball program – and the performance of his duties as an associate coach at Auburn University." (Exs. 3, 4 (emphasis added)).  The government did not provide any additional detail concerning the wire fraud charge against Mr. Person.  By letters dated July 17, 2018, undersigned counsel requested the government to confirm that the "business" identified in the government's July 13, 2018 letter is the only "business" that the government will attempt to prove at trial, and to confirm that the government does not intend to prove any "transactions" or "series of transactions."  (Exs. 5, 6.)  Counsel for Mr. Person further requested that the government confirm that the three agreements or certifications referenced in the Superseding Indictment are the only misrepresentations that the government will attempt to prove at trial.  By letter dated July 23, 2018, the government declined to provide any substantive response to these requests.  (Ex. 7.)

## II.   A Bill Of Particulars Should Be Granted

Under Rule 7(c), the indictment itself is supposed to provide a "plain, concise, and definite written statement of the <u>essential</u> <u>facts</u> constituting the offense charged."  Fed. R. Crim. P. 7(c)(1) (emphasis added).  Where the indictment is silent as to such facts with respect to an element of the offense, Rule 7(f) provides for a bill of particulars to supplement the indictment.  Rule 7(f) provides for a bill of particulars where, as here, a defendant seeks information about the charged conduct necessary to prepare for trial and to avoid unfair surprise or double jeopardy.  *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).  Additionally, a bill of particulars is required where, as here, "the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Ojeda*, 412

3

F. App'x 410, 411 (2d Cir. 2011) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004)).

Under this standard, Defendants are entitled to particulars concerning the "business, transactions or series of transactions" claimed to be the object of influence in the bribery conspiracy charge.  The Superseding Indictment does not advise Defendants of these facts, and the government's July 13 letter refers only to the general business of running a rules-compliant basketball program without any further particulars.  The government's letter of July 23 refuses to state whether the government will attempt to prove in its case in chief any other "business" or "transactions" or "series of transactions."

The question whether Defendants sought to influence any business or transaction of Auburn University goes to a fundamental element of the charged bribery offense (and related honest service fraud offenses) and has already been the subject of briefing.  Although the government has provided extensive discovery in this case, such discovery does not appear to disclose any specific transaction, series of transactions or any pending business of Auburn University that Defendants intended to influence or undertook to influence.  Accordingly, the discovery provided to date is no substitute for a concise statement from the government identifying these essential facts.  In order to prepare their defenses, Defendants need to know what business or transactions the government will attempt to prove against them.

Additionally, Mr. Person is entitled to particulars concerning the agreements or certifications that contain alleged "material misrepresentations to Auburn University," to the extent there are any beyond those already referenced:  (1) Mr. Person's employment agreement dated August 24, 2016; (2) the ethical conduct agreement dated August 23, 2017; and (3) the Employee Disclosure Form dated August 23, 2017.  (*See* Superseding Indictment at ¶¶ 23–26.)

The government has refused, however, to confirm that Count Five is limited to these three representations. (Ex. 7.)

The government's failure to identify the specific misrepresentations it alleges, and its demonstrated willingness to change its fraud theory significantly, makes it unreasonably difficult for Mr. Person "to identify specific interactions which form the basis of the charges against [him]." *United States v. Perry*, No. CRIM. 12-10293-DJC, 2013 WL 3158078, at *5 (D. Mass. June 19, 2013).  Particulars of the wire fraud count are especially important given that the government's theory of wire fraud has already shifted once in this case with the return of the Superseding Indictment, and because the new wire fraud theory is premised upon completely different statements (Mr. Person's representations to Auburn) than the original one (the basketball players' representations).  *Compare* Superseding Indictment at ¶¶ 23-26 with Indictment, *United States v. Person*, No. S1 17 Cr. 683 (S.D.N.Y. Nov. 7, 2017).)  Requiring particulars will prevent yet another undue surprise on the government's theory of this case, and will allow Mr. Person to prepare for trial.  *See, e.g.*, *United States v. Savin*, No. 00-CR-45 (RWS), 2001 WL 243533, at *3 (S.D.N.Y. Mar. 7, 2001) (granting motion for bill of particulars where indictment alleged crime based on "an unspecified series of 'intercompany transfers'" without providing specifics about the particular transfers at issue).

\*       \*       \*

In its letter of July 23, the government expresses a concern that the defense is invoking Rule 7(f) "to limit the Government's ability to prove its case at trial or lock the Government into a particular theory." (Ex. 7.)  To the contrary, by identifying the essential facts comprising fundamental elements of the charged offenses, the government is merely stating what the trial will be about, not disclosing the specific evidence it will use in its proof.  The government

5

remains free, without prejudice, to prove its case at trial in any manner consistent with the Rules of Evidence.

Nor is the defense attempting to lock in the government.  When the government presented this case to a grand jury, presumably it presented evidence of some "business, transactions" or "series of transactions" of Auburn to support Count One, and certain misrepresentations to support Count Five.  Regardless of any defense motion, the government cannot now vary the essential facts constitutive of the offenses and elements thereof that it presented to the grand jury.  Defendants are merely seeking disclosure of the "business" or "transactions" and "material misrepresentations" referred to in the Superseding Indictment returned by the grand jury, which presumably the government identified at the outset of these proceedings and has intended to prove throughout.

## CONCLUSION

For the foregoing reasons, Defendants respectfully seek an Order directing the government to provide a bill of particulars that includes a concise statement identifying the "business, transactions and series of transactions" in Count One and the "material misrepresentations" in Count Five that the government intends to prove at trial.

Dated: New York, New York
       July 27, 2018

                                        COOLEY LLP

                                        By:  */s/Jonathan Bach*
                                             Jonathan Bach
                                             Reed Smith
                                             Kaitland Kennelly

                                        1114 Avenue of the Americas
                                        New York, New York 10036
                                        Phone: (212) 479-6000
                                        Email:  jbach@cooley.com

*Attorneys for Defendant Rashan Michel*

SHER TREMONTE LLP

By:   */s/ Theresa Trzaskoma*
      Theresa Trzaskoma
      Michael Tremonte
      Michael W. Gibaldi
      Emma Spiro

90 Broad Street, 23rd Floor
New York, New York 10004
Phone: (212) 202-2600
Email: ttrzaskoma@shertremonte.com

*Attorneys for Defendant Chuck Connors Person*