UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                v.                       :   No. 17 Cr. 683 (LAP)
                                         :
CHUCK CONNORS PERSON                     :
and RASHAN MICHEL,                       :
                                         :
                       Defendants.       :
                                         :
---------------------------------------- X

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR A BILL OF PARTICULARS**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ................................................................................................................................1

I.      Defendants Are Entitled To Particulars Identifying The "Business" And "Transactions" Of Auburn University They Are Charged With Influencing ......................1

II.     Defendant Person Is Entitled To Particulars Identifying Any Additional "Material Misrepresentations" Underlying The Wire Fraud Charge Against Him .............4

CONCLUSION....................................................................................................................................5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*McDonnell v. United States*,
   136 S. Ct.2355 (2016)...............................................................................................................3

**Statutes**

18 U.S.C. § 666................................................................................................................................3

**Other Authorities**

Fed. R. Crim. P. 7(c)(1) ..................................................................................................................2

## INTRODUCTION

In responding to defendants' request for limited particulars, the government recites its traditional opposition to requests under Rule 7: that it has already disclosed reams of information in a lengthy charging document and in voluminous productions of discovery. That line of reasoning has no application here. Defendants are seeking an articulation of basic rudiments of the charged offenses that can be found neither in the many paragraphs of the Superseding Indictment, nor in the many pages of document discovery that have been produced. Moreover, contrary to the government's characterization of the defense position, defendants are not seeking "additional details about the manner in which" offenses were allegedly committed or about "how the Government intends to prove its case at trial." (Government's Mem. Of Law in Opp. to the Defs' Mot. for a Bill of Particulars, Dkt. 96 ("Gov't Brief") at 9.) Rather, defendants' limited request goes to certain core elements of the stated charges, without touching any evidentiary detail.

Notwithstanding the disclosures the government has made to date, the government has still failed to state in succinct terms what "business" or "transaction" or "series of transactions" (other than the general business of running a rule-compliant basketball program) defendants allegedly sought to influence. The government has also refused to state in succinct terms whether any further "material misrepresentations" constitute the basis for its wire fraud charge against Defendant Person.

**I.     Defendants Are Entitled To Particulars Identifying The "Business" And "Transactions" Of Auburn University They Are Charged With Influencing**

Both defendants seek particulars concerning the "business" or "transaction" or "series of transactions" of Auburn University that form the basis of the bribery and honest services fraud charges against them. There is no question that these matters are among the most "essential

1

facts" that the government must state and then prove in order to maintain a case against them. Indeed, the law is clear that such "essential facts" must be pled in the indictment or, failing that, in a supplemental bill of particulars. Fed. R. Crim. P. 7(c)(1) (providing that the Indictment itself should provide a "plain, concise, and written statement of the *essential facts* constituting the offense charged") (emphasis added).

In response to this requirement, the government argues that it has already pleaded numerous facts in a lengthy and detailed Superseding Indictment, and that it has provided a host of detailed information in voluminous productions of discovery. This argument misses the point for myriad reasons:

- There is no "to wit" clause in the Superseding Indictment that states in succinct terms, or in any terms at all, what "business" or "transaction" or "series of transactions" of Auburn University form the basis of the government's charges. The Superseding Indictment avoids any specific identification or articulation on this important point.

- The paragraphs of the Superseding Indictment that the government quotes at length in its response similarly fail to identify or state succinctly what "business" or "transaction" or "series of transactions" of Auburn University form the basis of the government's charges. (Govt. Br. at 11-12 (quoting Superseding Indictment ¶¶ 1, 2, 9-22, 23-27, 45, 47.))

- The discovery provided to date, consisting largely of wiretapped conversations, fails to identify any particular "business" or "transaction" or "series of transactions" of Auburn University that the defendants were seeking to influence. Not a single business dealing or pending transaction of Auburn University is identified or discussed. Indeed, the government identifies none in its brief.

- Although the government has provided a supplemental statement to the defense identifying the general business of running a rule-compliant NCAA basketball program as a "business" that forms the basis for its charges, it has refused to identify in plain, succinct or less generic terms any particular business dealing or transaction or series of transactions that form the basis for its charges. It has also refused to state whether its case will be based on any less generic or more particular business dealing or transaction or series of transactions. (July 13, 2018 Letter from Government regarding Bill of Particulars Reques, attached as Exhibit 3 to Defs.'s Joint Mot. for a Bill of Particulars, Dkt. 90-3 ("Gov't Letter").)

2

- As set forth in prior defense submissions, the terms "business" and "transaction" are inherently broad and vague. They potentially encompass any manner of activity. Thus, the need for identification and particularization of this core element of the charges is particularly important to assure due process in this case. (*See* Michel's Mem. Of Law in Support of His Mot. to Dismiss the Indictment ("Michel Motion to Dismiss"), Dkt. 55, at 11-12, 15-17; Person's Mem. Of Law in Support of His Mot. to Dismiss the Indictment ("Person Motion to Dismiss"), Dkt. 46, at 13, 18-19.) Defendants should not be required to guess what the government has in mind.

- In *McDonnell*, a prosecution based on a related bribery statute and on the honest services fraud statute, the Supreme Court held that the definition of "official act" was too vague absent further limitation to satisfy due process. There, vagueness was found even though the bribery statute at issue included a definitional section that undertook to define what Congress meant by the term "official act." *McDonnell v. United States,* 136 S. Ct.2355 (2016). By contrast, the bribery statute at issue here, 18 U.S.C. § 666, includes no definition of the terms "business" or "transaction."

The foregoing makes clear that the allegations of the Superseding Indictment and the discovery provided to date simply fail to elucidate these core elements and essential facts.

Moreover, contrary to the government's assertions, defendants are not merely seeking evidentiary details to fill in missing gaps or to obtain a preview of the government's proof at trial. (Govt. Br. at 9.) Rather, defendants are seeking the type of information that typically appears in the "to wit" clause of an indictment as a plain statement of the essential facts that comprise the elements of the offense. Presumably the government identified to the grand jury the "business" or "transaction" or "series of transactions" that the defendants allegedly sought to influence. Its charging instruments should at a minimum do the same. Such an articulation will by no means limit or constrain the government's proof at trial: the government will remain free to call any witnesses or introduce any documents permissible under the Rules of Evidence. Defendants' request does not seek any identification of those witnesses or documents, or of the particular pieces of evidence those witnesses or documents will bring to bear.

By refusing to provide the requested particulars, the government is apparently attempting to finesse the issue of whether there is any particular business or transaction of Auburn University actually implicated in this case – an issue that goes to the vagueness and overbreadth of the statutes that underlie the charges.  (*See* Michel's Motion to Dismiss, Dkt. 55, at § I; Person's Motion to Dismiss, Dkt. 46, at § III.)  The government has stated that its case-in-chief will introduce evidence that the defendants sought to influence the general business of running a rule-complaint NCAA college basketball program.  (Gov't Letter.)  The government should also be required to state whether its case will be based on any less generic or more particular business dealing or transaction, and, if so, what that business or transaction or series of transactions actually is.

**II.    Defendant Person Is Entitled To Particulars Identifying Any Additional "Material Misrepresentations" Underlying The Wire Fraud Charge Against Him**

In both civil and criminal pleading, it is axiomatic that fraud be pleaded with particularity.  A defendant cannot reasonably prepare to defend against a wire fraud charge without notice of the particular false statements the government will rely upon in presenting its case-in-chief.  The Superseding Indictment references three written agreements and certification forms that the government will apparently rely upon in attempting to prove that Person made material misrepresentations.  If those agreements and forms constitute the only basis of the "misrepresentation" element of the wire fraud charge that the government will attempt to prove, then Person does not seek any further particulars.

If, on the other hand, the government attempts to prove wire fraud by relying on any additional "misrepresentation" that it has yet to identify, then the government should be required to identify that core element and essential fact now, so that Person has fair notice and can begin to prepare his defense.  As the government has noted, it has produced a vast amount of discovery

in this case, including but not limited to hundreds of hours of consensual and wiretap recordings. To the extent the government intends to prove a misrepresentation made in any context other than Mr. Person's annual compliance certifications and his written employment agreement, it would be grossly unfair to require Mr. Person to guess where in that voluminous discovery another supposed misrepresentation might be.

Disclosure of such particulars would not limit or constrain the government's proof at trial.  The government would remain free to introduce any witnesses or documents permitted by the Rules of Evidence to prove the falsity and materiality of the alleged "misrepresentations." Defendant Person is not seeking disclosure of such evidentiary particulars.  Rather, he is seeking only a succinct articulation of the particular falsehoods of which he is accused, so that he too can then consider what evidence may be relevant to address such charges.

## CONCLUSION

For the foregoing reasons, Defendants respectfully seek an Order directing the government to provide a bill of particulars that includes a concise statement identifying the "business, transactions and series of transactions" in Count One and the "material misrepresentations" in Count Five that the government intends to prove at trial.

Dated: New York, New York
September 14, 2018

COOLEY LLP

By:  /s/Jonathan Bach
Jonathan Bach
Reed Smith
Kaitland Kennelly

1114 Avenue of the Americas
New York, New York  10036
Phone:  (212) 479-6000

*Attorneys for Defendant Rashan Michel*

and

SHER TREMONTE LLP

By:    */s/ Theresa Trzaskoma*
      Theresa Trzaskoma
      Michael Tremonte
      Michael W. Gibaldi

90 Broad Street, 23rd Floor
New York, New York 10004
Phone:  (212) 202-2600

*Attorneys for Defendant Chuck Connors Person*